*213
 
 On Application for Rehearing.
 

 PER CURIAM.
 

 The insurance company in its petition for a rehearing complains only that there should be some provision in the judgment to protect the company against having to pay the yearly installments of $200 to such an extent as to reduce the cash surrender value or loan value of the policy below the amount of the outstanding loan of $644 and accrued interest. There is no dispute about the outstanding loan on the policy, nor dispute about the following clause in the policy, in Secfion 3 — Disability Benefits, paragraph B — viz.:
 

 “If at the time when any such installment becomes payable there shall be an indebtedness on the Policy in excess of the Cash Surrender Value of the reduced amount of insurance, the Company shall apply such part of the installment as may be necessary to reduce the indebtedness to the amount secured by such Cash Surrender Value.”
 

 We noted in our opinion rendered on the original hearing of this case that the payment of each installment of $200 would reduce the face amount of the policy that much; and it goes without saying that the cash surrender value or loan value of a life insurance policy is always less than the amount of insurance remaining in force. We declared in the opinion rendered on the original hearing of the case that we did not deem it necessary to embody the limitation which we referred to in the judgment, because the judgment condemned the company to pay the installments of $200 per year from December 5, 1936, only to the date of the filing of the suit, February 28, 1941; and it did not seem then that the payments of the installments to that date would so reduce the cash surrender value or loan value of the policy as to impair the security for the outstanding loan of $644 and accrued interest. It appears now that the number of installments allowed by the judgment will exceed the margin of security, or the difference between the amount of the outstanding loan and the cash surrender value or loan value of the policy. We are not actuaries, and therefore doubt our ability to calculate the exact point at which the payment of the yearly installments of $200 will reduce the cash surrender value or loan value of the reduced insurance to such extent as to exhaust the margin of security for the outstanding loan. It is sufficient to say that the insurance company may avail itself of the protection afforded by the clause which we have quoted from Paragraph B, Section 3 — Disability Benefits. If the company miscalculates the cash surrender value or loan value of the reduced amount of insurance, the insured will not be prevented by the judgment rendered in this case from suing for any amount due him.
 

 With this explanation and amendment of the judgment, the petition for a rehearing is denied.